UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-02145-MHC ) |
| THE ALIERA COMPANIES, a Delaware Corporation FORMERLY KNOWN AS ALIERA HEALTHCARE, INC., AND SHELLEY STEELE, an Individual. | ) ) ) ) ) |
| Defendants. | ) |

## CONSENT ORDER AND JUDGMENT

Plaintiff Secretary of Labor commenced this action on May 27, 2022 against Defendant Shelley Steele ("Steele") and Defendant The Aliera Companies, Inc., formerly known as Aliera Healthcare, Inc. (collectively "Aliera") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for engaging in transactions prohibited by ERISA, including paying Steele and affiliated companies millions of dollars from ERISA-covered plans' assets.

Defendant Steele was served the Secretary's complaint by publication and filed her answer to the complaint on October 21, 2022. Defendant Aliera was served by process server on July 11, 2022 and also filed its answer to the complaint on October 21, 2022. Defendant Steele and Defendant Aliera (collectively "Defendants") have admitted to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants have agreed to resolve all matters in controversy in this action and Defendants consent to entry of a Consent Order and Judgment by this Court. Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED** that:

### Definitions

1.    As used in this Consent Order and Judgment:

(a) "service provider" means "a person providing services" within the meaning of section 3(14)(B) of ERISA, 29 U.S.C. § 1002(14)(B), and includes auditors, benefit consultants, accountants, attorneys, custodians, investment monitors, investment managers, investment analysts, publicists, and a person from whom the Plan purchases goods or services on a regular and recurring basis.

(b) "person" means a "person" within the meaning of section 3(9) of ERISA, 29 U.S.C. § 1002(9), and includes individuals, corporations, partnerships, associations, and employee organizations.

(c) "plan assets" means employer and employee contributions to any employee benefit plan and any plan investment as defined by 29 C.F.R. § 2510.3-101 (defining plan assets).

### Injunctive Relief

2.    Upon entry of this Consent Order and Judgment, Defendants Steele and Aliera are permanently enjoined from directly or indirectly, or through any agent, entity, or person, from engaging in the following acts and shall not:

(a) serve or act, for compensation or otherwise, as a fiduciary, administrator, officer, trustee, custodian, agent, employee, service provider, or representative in any capacity respecting any ERISA-covered employee benefit plan;

(b) perform under any contract, agreement, or understanding for the provision of services as a fiduciary, administrator, officer, trustee, custodian, agent, employee, service

provider, representative, or in any capacity respecting any ERISA-covered employee benefit plan;

(c) serve or act, for compensation or otherwise, as a service provider, consultant, broker, adviser, or employee to any ERISA-covered employee benefit plan or to any entity whose activities are in whole or substantial part devoted to providing goods or services to any ERISA-covered employee benefit plan;

(d) make any recommendation to provide any advice to, or bring any investment to the attention of, or in any way facilitate or encourage any investment by any person or entity when Defendant(s) believe or have reason to believe that such person or entity or any other person or entity might use any such information, advice, or recommendations in connection with transactions involving an ERISA-covered employee benefit plan.

(e) serve or act, for compensation or otherwise, in any capacity that involves decision making authority or custody or control of the monies, funds, assets, or property of any ERISA-covered employee benefit plan;

(f) serve on or in a board, committee, office, or position that is expressly identified by corporate charter, bylaws, resolution or the governing documents of any ERISA-covered employee benefit plan as having fiduciary responsibilities with respect to such plan, or as a service provider with respect to such plan, including any board, committee, office, or position to which any governing document of any ERISA-covered employee benefit plan has expressly delegated the responsibility to appoint, monitor, or remove named fiduciaries, service providers, or trustees for the plan;

(g) serve individually or serve on or in a board, committee, office, or position that has decision-making or discretionary authority with respect to, or custody or control of, the assets or administration of any ERISA-covered employee benefit plan;

(h) sell, promote, market, or provide any product or service to, make any recommendation to, or bring any product, service, or investment to the attention of, any ERISA-covered employee benefit plan or to any person acting on behalf of such plan, or in any way facilitate or encourage any expenditure or investment by any ERISA-covered employee benefit plan;

(i) receive any compensation, consideration, or anything of value from any ERISA-covered employee benefit plan, except a benefit received as a participant of a plan to which Defendant Steele has a lawful entitlement, and then only in the amount and in the same circumstances as would any other similarly situated participant of the plan; or

(j) violate or participate in any violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

3.     This Consent Order and Judgment is not binding upon any agency of the United States Government other than the United States Department of Labor.

4.     Nothing in this Consent Order and Judgment shall have any effect upon the assertion of any claims by the Secretary nor any party's right to object to such claims in the debtors' pending bankruptcy cases, In re: The Aliera Companies, Inc. d/b/a Aliera Healthcare, Inc., et al, C.A. 21-11548-TMH (Bankr. D. Del.).

5.     Each party to this Consent Order and Judgment shall bear their own costs, expenses, and attorneys' fees, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended, in connection with any stage of the proceeding, the Secretary's investigation, and any matter related thereto.

6. Defendant Steele and Defendant Aliera do hereby release, waive, and forever discharge any and all claims, demands, actions, causes of action, liabilities, penalties, and fines, including those claims arising under the Equal Access to Justice Act or any other statute, rule or regulation, that Defendant Steele and Defendant Aliera may have against the Secretary and her agents, attorneys, representatives, assigns, predecessors and successors-in-interest (the "Secretary Releasees") that relate in any manner to the Secretary's investigation of Defendant Aliera or of the Defendants' conduct with respect to Aliera, or to the litigation that is the subject of this action, including the filing, prosecution or maintenance of the Secretary's investigation, the Secretary's filing, prosecution, or maintenance of the litigation that is the subject of this action, or the settlement that is the subject of this Consent Order and Judgment. Defendant Aliera and Defendant Steele shall not institute, maintain, or prosecute any action or legal proceeding against the Secretary or Secretary Releasees relating to the Secretary's or Secretary

4

Releasees' filing, prosecution, or maintenance of any investigation by the Secretary relating to Defendant Aliera or Defendant Steele, or to the litigation brought by the Secretary that is the subject of this action, or the settlement that is the subject of this Consent Order and Judgment.

7.    The undersigned attorneys each expressly acknowledge and represent that they are authorized and empowered to execute this Consent Order and Judgment on behalf of the party represented.

8.    The Court shall maintain jurisdiction over this Consent Order and Judgment for purposes of enforcing the Consent Order and Judgment. This paragraph does not limit or waive any other rights, however, that the Secretary may have to enforce the terms of this Consent Order and Judgment.

IT IS SO ORDERED, this 12th day of July, 2023.

_____
**HON. MARK H. COHEN**
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this Consent Order and Judgment:

FOR THE SECRETARY OF LABOR:
**SEEMA NANDA**
Solicitor of Labor

**WAYNE R. BERRY**
Associate Solicitor
Plan Benefits Security Division
Office of the Solicitor

**CHRISTINE D. HAN**
Senior Trial Attorney
Plan Benefits Security Division

_____ Dated: ~~June~~ July 12 ___, 2023

FOR THE DEFENDANT SHELLEY STEELE:
**DANE STEFFENSON**

Dane Steffenson  Digitally signed by Dane Steffenson
Date: 2023.06.21 11:11:02 -04'00'          Dated: June 23 , 2023

FOR THE DEFENDANT ALIERA:
**J. ROBERT WILLIAMSON**

                                    July 6
                         Dated: June ___ , 2023

6